-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
JUL 28 2011
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

SERGIO BARNES, 01-B-854,

    Plaintiff,

  -v-

A. HOLMAN, M. RADEMACHER, G. PRITCHARD,
D. SOJDA, K. MALIK, S. SPAULDING and J. MORGAN,

    Defendants.

**DECISION and ORDER**
11-CV-551A(M)

## INTRODUCTION

Plaintiff, Sergio Barnes, currently an inmate of the Upstate Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that several of the named defendants, all of whom are correctional officers at the Attica Correctional Facility, at which plaintiff was incarcerated at the time of the events described in the complaint, subjected him to excessive force, or failed to protect him from excessive force, in violation of the Eighth Amendment.

Plaintiff's request to proceed as a poor person is granted, but unless plaintiff files an amended complaint as directed below, his claims against defendants K. Malik and S. Spaulding will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action. Therefore, plaintiff is granted permission to

proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson* v. *Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*; "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." ). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon,* 480 F.3d 636, 639 (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was

attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

Plaintiff's excessive force or failure to protect claims against defendant correctional officers A. Holman, M. Rademacher, G. Pritchard, D. Sojda and J. Meegan may proceed. Plaintiff lists two additional correctional officers–K. Malik and S. Spaulding–as defendants in the caption of the complaint, but states no allegations against them. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (internal quotation marks omitted)"' It is further well established that 'where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.'" *Dove v. Fordham Univ.*, 56 F.Supp.2d 330, 335 (S.D.N.Y. 1999) (quoting *Morabito v. Blum*, 528 F.Supp. 252, 262 (S.D.N.Y. 1981)); accord *Mann v. Daniels*, 10 Civ. 7540 (PKC)(THK), 2011 U.S. Dist. LEXIS 62098, at *5 (S.D.N.Y. June 9, 2011) (dismissing, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), inmate's claims against correctional facility defendants against whom plaintiff made no allegations).

Here, plaintiff has failed to allege any specific wrongdoing sufficient to constitute personal involvement on the part of defendants K. Malik and S. Spaulding. Accordingly, Malik and Spaulding will be dismissed as defendants to this action pursuant to 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A unless plaintiff files an amended complaint by **August 26, 2011** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); see also *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

If plaintiff fails to file an amended complaint as directed, the claims against K. Malik and S. Spaulding will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service of the remaining claims on the remaining defendants shall be directed.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above[1] by **August 26, 2011**;

---

[1] Plaintiff is reminded that he must also <u>include</u> in this amended complaint his claims against A. Holman, M. Rademacher, G. Pritchard, D. Sojda and J. Meegan; because the amended complaint will become the sole complaint in the action, it is the only complaint which will be served on the parties. Failure to include these claims in it means that they are not preserved for service on the defendants.

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **August 26, 2011**, plaintiff's claims against K. Malik and S. Spaulding will be dismissed with prejudice without further order of the Court and the Clerk of the Court shall terminate defendants K. Malik and S. Spaulding as parties to this action;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **August 19, 2011**, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon defendants A. Holman, M. Rademacher, G. Pritchard, D. Sojda and J. Meegan, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor; and

FURTHER, that, pursuant to 42 U.S.C. § 1997e(g), the defendants are directed to answer the amended complaint once it has been served on them.

SO ORDERED

Dated:    July 26, 2011
          Buffalo, New York

_____
WILLIAM M. SKRETNY
Chief Judge
United States District Court