Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

*AMENDED*

### FORM TO BE USED IN FILING A COMPLAINT
### UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

*11 C V 551 A*

All material filed in this Court is now available via the **INTERNET**.  See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

**A.    Full Name And Prisoner Number of Plaintiff:  NOTE**: *If more than one plaintiff files this action and seeks in forma pauperis status, **each** plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. *Sergio Barnes   Din # 01B0854*
2. _____

-VS-

**B.    Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant.  If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. *A. Hofman*
2. *M. Rademacher*
3. *D. Pritchard*
4. *P. Sroda*
5. *K. O'Malik*
6. *L. Armeldire*
7. *J. Meegan*

UNITED STATES DISTRICT COURT
FILED
AUG 19 2011
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States.  This action is brought pursuant to 42 U.S.C. § 1983.  The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION  NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: *Sergio Barnes # 01B0854*

Present Place of Confinement & Address: *Upstate Correctional Facility*
*P.O. Box 2001, Malone, New York 12953*

Name and Prisoner Number of Plaintiff: _____

Present Place of Confinement & Address: _____

**DEFENDANT'S INFORMATION  NOTE:** *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: _A. Holman_

(If applicable) Official Position of Defendant: _Correctional Officer_

(If applicable) Defendant is Sued in __X__ Individual and/or _____ Official Capacity

Address of Defendant: _Attica Correctional Facility_
_Box 149 Attica, New York 14011_

Name of Defendant: _M. Rademacher_

(If applicable) Official Position of Defendant: _Correctional Officer_

(If applicable) Defendant is Sued in __X__ Individual and/or _____ Official Capacity

Address of Defendant: _Attica Correctional Facility_
_Box 149 Attica, New York 14011_

Name of Defendant: _L. Pritchard_

(If applicable) Official Position of Defendant: _Correctional Officer_

(If applicable) Defendant is Sued in __X__ Individual and/or _____ Official Capacity

Address of Defendant: _Attica Correctional Facility_
_Box 149, Attica, New York 14011_

## 4.  PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

**A.**   Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?
Yes____ No _X_

If Yes, complete the next section.  NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.   Name(s) of the parties to this other lawsuit:

Plaintiff(s):_____

Defendant(s):_____

2.   Court (if federal court, name the district; if state court, name the county):_____

3.   Docket or Index Number:_____

4.   Name of Judge to whom case was assigned:_____

Defendants   Information        Attachment

Name of defendant: D. Lajda
Offical position of defendant: Correctional officer
Defendant sued in: Individual Capacity
Address of defendant: Attica Correctional Facility
Box 149, Attica, New York 14011

Name of defendant: K. Malik
Offical Position defendant: Correctional Officer
Defendant sued in: Individual Capacity
Address of defendant: Attica Correctional Facility
Box 149, Attica, New York 14011

Name of defendant: L. Spaulding
Official Position of defendant: Correctional Officer
Defendant sued in: Individual Capacity
Address of defendant: Attica Correctional Facility
Box 149, Attica, New York 1401

Name of defendant: J. Meagan
Offical Position of defendant: Sergeant
Defendant sued in: Individual Capacity
Address of defendant: Attica Correctional Facility
Box 149, Attica, New York 14011

5.     The approximate date the action was filed:_____

6.     What was the disposition of the case?

        Is it still pending? Yes____ No____

            If not, give the approximate date it was resolved._____

        Disposition (check the statements which apply):

    ____ Dismissed (check the box which indicates why it was dismissed):

            ____     By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

            ____     By court for failure to exhaust administrative remedies;

            ____     By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

            ____     By court due to your voluntary withdrawal of claim;

    ____ Judgment upon motion or after trial entered for

        ____ plaintiff

        ____ defendant.


**B.**     Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?

        Yes_____   No____

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1.     Name(s) of the parties to this other lawsuit:

        Plaintiff(s):_____

        _____

        Defendant(s):_____

        _____

2.     District Court:_____

3.     Docket Number:_____

4.     Name of District or Magistrate Judge to whom case was assigned:_____

    _____

5.     The approximate date the action was filed:_____

6.     What was the disposition of the case?

        Is it still pending? Yes____ No____

            If not, give the approximate date it was resolved._____

Disposition (check the statements which apply):

____ Dismissed (check the box which indicates why it was dismissed):

    ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

    ____ By court for failure to exhaust administrative remedies;

    ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

    ____ By court due to your voluntary withdrawal of claim;

____ Judgment upon motion or after trial entered for

    ____ plaintiff

    ____ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

| | | |
|---|---|---|
| • Religion | • Access to the Courts | • Search & Seizure |
| • Free Speech | • False Arrest | • Malicious Prosecution |
| • Due Process | • Excessive Force | • Denial of Medical Treatment |
| • Equal Protection | • Failure to Protect | • Right to Counsel |

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts that you believe support each of your claims.   In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

### Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

**A. FIRST CLAIM:** On (date of the incident) _1·22·11 Approx 7:00 pm_ ,

defendant (give the **name and position held** of **each defendant** involved in this incident) _C. O. Lojda,_
_D. Pritchard, a Holman, K. Malik, S. Spaulding,_
_M. Rademacher & Sgt J. Meegan._

did the following to me (briefly state what each defendant named above did): _#1.   On  the  way_
_to  recreation,  I  Sergio  Barnes  was  asked  to_
_step  out  of  line  to  be  pat  frisked.  I_
_complied  promptly.  I'd  placed  my  hands_
_high  and  flat  on  the  wall  in  preparation_
_for  the  frisk  which  was  conducted  by_
_CO. Pritchard.  Pat  frisk  was  completed  with_
_no  difficulties.  Upon  completion  of  frisk ....continues →_

The constitutional basis for this claim under 42 U.S.C. § 1983 is: _Eighth  Amendment_
_Cruel & Unusual Punishment - Battery & Assault_

The relief I am seeking for this claim is (briefly state the relief sought): _Money damages_

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? _X_ Yes _____ No   If yes, what was the result? _Denied_

Did you appeal that decision? _X_ Yes _____ No   If yes, what was the result? _Denied_

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

**A. SECOND CLAIM:** On (date of the incident) _____,

defendant (give the **name and position held** of **each defendant** involved in this incident) _____

P.2

I was instructed to gather my belongings and return to my cell. Again, I complied with instruction promptly. However, as I reached to retreive my belongings, I was struck in my right eye, with a close fist by C.O. pritchard. As I turned around holding my eye, C.O Holman struck me in the head and face area with his baton numerous times. As I tried to cover my head in attempt to prevent Officer A. Holman from striking me, C.O. Rademacher joined in and repeatedly struck me with his baton. As C.O. pritchard made efforts to hold me, while they continued to strike me with their batons, I struggled to sheild myself.

#2. Then, I was slammed to the ground by C.O. Pritchard while C.O. Holman & C.O Rademacher continued to strike me. By that time three other officers came to join in on the unwarrented and unnecessary assault.

#3. I'd later learned, the three officers who'd arrived names were C.O. D Lojda, K. Malik & S. Spaulding. C.O. Lojda, upon arrival for no reasonable reason proceeded to punch me in the face and head area. This was later

P.3

admitted by C.O. Sojda. When asked, was his action within the Rules of the use of force Directive, his response was, "My intention was to 'knock him out".

#4 In my attempt to break free from the officers holding me to allow other officers to strike me with their weapons, Officers Malik & Spaulding slammed me to the ground again and placed me in the mechanical restraints.

#5 Once in mechanical restraints, which was placed on by Officer Spaulding, I later learned, the officers continued to beat me. Some kneed in my head and face, others attempt to twist and break my right arm, left ankle, fingers on left hand as I screamed out in pain. Officers also poked at my groin area with their batons.

#6 After being beaten, I was lifted by the chain of the mechanical restraints on to my feet, and then slammed face first into the brick wall by C.O. Sojda.

#7. Next C.O. Pritchard told C.O. Sojda to turn me around to face him. Upon seeing my face C.O. Pritchard said, "If you thought you were ugly before look

P. t

at your face now nigger".

#8 I, was then afterward taken to the special housing unit where I'd remained after being examined by Nurse Rasor

#9 Sgt meegan was present during the assault by CO's Spaulding, Pritcard, Loyda, Rademacher Holman, & Malik. He watch while officer Pritchard punch me, while officers Holman & Rademacher struck me with batons, while Officer Loyda punch me numerous times, while Officer Spaulding attempted to break my fingers and while officer Malik tried to break my leg. Yet, he fail to intervene or reprimand his officers.

#10 As a result of the assault the injuries I'd suffered were, right eye swelling, blood I vessel bust in right eye, abnormal swelling in left eye, gash in right index knuckle, gash on right side of forehead, busted blood vessel in forehead, 3 broken teeth, bruise right elbow, nerve damage in left wrist, & two busted lips. Since the incident I have migraines daily.

FORM 2133 (REV. 6/06)

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES | Grievance No. A-57895-11 | Date Filed 01/25/11 |
|---|---|---|
| | Facility Attica Correctional Facility | Policy Designation Institutional |
| INMATE GRIEVANCE PROGRAM SUPERINTENDENT | Title of Grievance Attacked By A C.O. | Class Code 49 |
| | Superintendent's Signature | Date 02/03/11 |
| Grievant Sergio Barnes | DIN 01-B-0854 | Housing Unit RB-CN-002 |

Grievance denied based upon information provided.

Grievant alleges that on 1/21/11, during the evening shift, he was attacked by an officer prior to going to the C-Yard Area. The grievant also alleged that a sergeant was present during the incident and did not reprimand the officer for his misconduct.

A security lieutenant interviewed the grievant relative to his grievance allegations. The grievant stood by his written allegations and did not provide witnesses that may support his grievance allegations. The investigating lieutenant also stated that the grievant indicated that the incident occurred on 1/22/11, not 1/21/11 as written in his submitted grievance.

Staff members identified in the grievance has submitted a written memorandum, which refutes the allegations made by the grievant. An officer stated that at no time did he act in the manner as described by the grievant. The officer concluded that he did not punch the grievant in the face, nor did he tell the grievant, "Next time pick up your property a little faster." A sergeant stated that on 1/21/11, he did not work and was away from the facility. The sergeant continued that on 1/22/11, the grievant violently assaulted staff and force was used on the grievant to stop his violent actions. The sergeant continued that he was present during the incident, and the officer did not strike the grievant or do anything to provoke the grievant's violent conduct. The sergeant concluded that the grievant was seen by medical after the use-of-force incident, and the appropriate paperwork was submitted regarding the incident that occurred on 1/22/11, during the evening shift.

Therefore, due to the information obtained in this matter, this investigation did not find any wrongdoing that had been committed by staff, nor did it support the allegations made by the grievant.

CR/jms
Cc:  File

---

APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.  * Please state why you are appealing this decision to  to to C.O.R.C.

_____

_____

_____

| Grievant's Signature | Date |
|---|---|

| Grievance Clerk's Signature | Date |
|---|---|

* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES | Grievance Number<br>A-57895-11 | Desig./Code<br>I/49 | Date Filed<br>1/25/11 |
|---|---|---|---|
| | Associated Cases | | |
| | Facility<br>Attica Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM<br>CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance<br>Attacked By CO | | |

4/27/11

## GRIEVANTS REQUEST UNANIMOUSLY DENIED

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied. CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that the facility administration has conducted a proper investigation, and that CO P... denies assaulting the grievant. CORC notes that this incident is properly documented as an Unusual Incident, dated 1/22/11, and that the grievant struck the officer without provocation. Staff involved have gone on record to deny assaulting the grievant and using only that force necessary to control him. The grievant was examined and treated by medical staff following the incident. CORC has not been presented with sufficient evidence to substantiate any malfeasance by staff.

CORC notes that a disciplinary hearing may be appealed in accordance with 7 NYCRR, Chapter V, and that this appeal mechanism affords the opportunity to remedy any factual or procedural errors in a disciplinary report. CORC notes that the grievant's appeal is pending review by the Office of Special Housing and Inmate Discipline.

CORC notes that Directive #4040, Section 701.1, states, in part, that the grievance program is not intended to support an adversary process and Section 701.6 (b) states, in part, that no reprisals of any kind shall be taken against an inmate or employee for good faith utilization of this grievance procedure. An inmate may pursue a complaint that a reprisal occurred through the grievance mechanism.

With respect to the grievant's appeal, CORC asserts that the grievance was properly investigated and responded to in accordance with Directive #4040.

JAD/mf

-----------------------------------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------------------------------

Barnes, S.   01B0854

This document has been electronically signed by Karen R. Bellamy

did the following to me (briefly state what each defendant named above did): _____

_____

_____

_____

_____

_____

_____

The constitutional basis for this claim under 42 U.S.C. § 1983 is: _____

_____

The relief I am seeking for this claim is (briefly state the relief sought): _____

_____

_____

#### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? _____ Yes _____ No   If yes, what was the result? _____

_____

Did you appeal that decision? _____ Yes _____ No   If yes, what was the result? _____

_____

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

_____

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

#### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

*Money Damages for Physical & Emotional injury.*

_____

_____

Do you want a jury trial? Yes __X__ No____

6

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _8 · 7 · 11_____
                          (date)

NOTE: **Each** *plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_L. Barnes_____

_____

_____

                    Signature(s) of Plaintiff(s)

7